UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE, KENTUCKY
Civil Action No. 3:26CV-2-SHM

FILED
JAMES J. VILT, JR. - CLERK
JAN 05 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

GARY STEPHEN CRAIG — PETITIONER

VS. **PETITION FOR WRIT OF HABEAS CORPUS**

LADEIDRA N. JONES, Chairperson
Kentucky Parole Board — RESPONDENT

Comes now the Petitioner, pro se, and for his Petition for Writ of Habeas Corpus states as follows:

## I. JURISDICTION

(1). Federal habeas relief for a state prisoner lies pursuant to 28 U.S.C. Section 2254(a), which authorizes a Federal District Court to entertain the petition for a person challenging custody under a state court judgment. The Supreme Court has confirmed that Section 2254 provides the exclusive federal remedy for a state prisoner challenging the fact or duration of confinement, thereby establishing federal district court jurisdiction over such claims. **Preiser v. Rodriguez**, 411 U.S. 475, 489-90 (1973).

(2). Petitioner is currently "in custody" within the meaning of Section 2254 because he is being unconstitutionally restrained of his liberty under parole by Respondent. Being on active parole has long been held to meet the "in custody" requirement for federal

habeas purposes. **Jones v. Cunningham**,371 U.S. 236, 83 U.S.Ct. 373, 9 L.Ed. 2d 285 (1963).

## II. VENUE

(3). Venue is proper under **28 U.S.C. Section 2242(d)**, which provides that a state prisoner may file a federal habeas petition either in the federal district court where the petitioner is confined, or the federal district court where the state court of conviction is located. Because Petitioner was convicted in Jefferson County, Kentucky, which lies within the Western District of Kentucky, Venue is proper in this Court.

## III. PARTIES

(4). Petitioner is **Gary Stephen Craig**, a person who has been restrained of his freedom under parole resulting from a state court conviction for approximately 22 years.

(5). Respondent **Ladeidra N. Jones**, is currently the Chairperson of the Ky. Parole Board, having direct responsibility for promulgating Parole Board Regulations and Oversight of Parole Board functions and activities, oversight supervision of parolees.

## IV. STATEMENT OF FACTS

(6). Petitioner is 74 years old and has served 22 years on supervised parole without any technical violations of parole. Despite exemplary conduct while on parole, Petitioner remains under extremely restrictive arbitrary supervision, unlike similarly situated parolees who are routinely transitioned to unsupervised status within approximately three (3) years. Petitioner suffers from stage 4 kidney failure and is disabled.

(8). After a diligent search, Petitioner has been unable to find any other case where a Kentucky parolee has been forced to live under the severe restrictions that Petitioner has had to endure. In effect, Petitioner has been singled out and treated differently and more harshly than other paroles without any rational basis in arbitrary manner in a "class of one" violation denounced in **Village of Willowbrook v. Olech,** 528 U.S.562

(9). Petitioner is currently being restrained of his liberty and privacy by Respondent. The conditions under which Petitioner is unnecessary and unreasonable, oppressively burdensome, and unconstitutionally arduous, grueling and strenuous in violation of his constitutionally protected rights pursuant to the First, Second, Fourth, Fifth, Eighth and Fourteenth Amendment rights under the United States Constitution, as well as coinciding Sections of the Ky. Constitution and KRS Section 35.275.

(10). The Respondent has applied conditions of parole to Petitioner that are unduly, unreasonably, and unnecessarily harsh by seizing and confiscating Petitioner's cell phone and Petitioner's computer without warrant or written reason, contrary to the mandatory language published in the relevant POLICY AND PROCEDURE documents titled CONDITIONS OF PAROLE, identified as Kentucky Parole Board requirements promulgated and enacted by the Kentucky Parole Board and identified as KYPB 11-00, attached hereto as Exhibit A for the Court's convenience; Corrections Policy and Procedure are authorized by American Corrections Association (ACA) Standards 2-1099; Corrections Policy and Procedure 27-12-04; 501 Kentucky Administrative Regulations (KAR) 1:030; KRS 439.080, 196.075, 197.440, 439.330, 439.335, 439.340, 439.346, 439.480, 439.561, 439.562, 439.563, 430.570.

(11). In mandatory language the Ky. Parole Board (KYPB) declared that "The Board **shall avoid** unnecessary conditions of parole to reduce or minimize the potential for failure by the offender based on technical violation of parole that are not substantially related to public safety or reduction of recidivism...". KYPB 11-00A. In addition, "The

Board **shall** consider whether it is necessary to compose any special conditions of release". KYPB 11-00 (2)(A). In the event the Board chooses to impose special conditions, "The Offender **shall** be given a written copy and explanation of the special conditions set by the Board or sentencing court. (All emphasis mine). KYPB 11-00(2)(D).

(12). Petitioner has never been given any notice in writing or notice as to whether or not there is an administrative appeal process whereby Petitioner can seek administrative relief.

(13) There are several ways in which the Respondents have and continue to violate Petitioner's constitutionally and statutorily protected rights, ways which serve no legitimate purpose, to include:

(A). Respondent has unlawfully arbitrarily confiscated Petitioner's television cable equipment, in a manner inconsistent with Parole Board regulations, and violated Petitioner's due process and equal protection rights by depriving Petitioner the right to written notification and a chance to be heard prior to confiscation as guaranteed by Parole Board regulations.

(B). Respondent has unlawfully arbitrarily confiscated Petitioner's cell phone and computer in a manner which deprived Petitioner of his due process and equal protection rights although Petitioner did not and has not violated any Parole Board-approved condition. Said confiscation was done in a manner which violated Petitioner's due process and equal protection rights pursuant to the state and federal constitutions and well established law. The confiscation of Petition's cell phone deprives Petitioner of a reasonable method of communication in a world where communication is vital. Without a cell phone Petitioner is without a way to contact emergency help if needed.

(C). Respondent has restricted Petitioner to Jefferson County while other parolees are permitted to travel unsupervised to other counties, and even other states without pre-approval once they are transitioned to unsupervised status. This restriction unnecessarily limits Petitioner's family visits, and works unnecessary hardship for Petitioner's family as well as Petitioner.

(D) Respondent has unreasonably restricted Petitioner's visitation and association with others to only persons of at least 18 years of age despite the fact that Petitioner was convicted of rape of a girlfriend over 50 years ago. Petitioner has never once committed any offense against any child.

(E) Respondent continues to hold Petitioner in custody under closely supervised status unlawfully by requiring Petitioner to report to a parole office every month. In addition, Petitioner is required to submit to routine home and body searches by a parole officer any time at the officer's discretion. Other parolees are relieved of those harsh conditions after approximately three (3) years supervised parole. It is important to note here that Petitioner has always been compliant with Ky. Sex Offender Registry laws.

(14). For the Court's convenience a copy of the relevant Parole Board Policy and Procedures are attached hereto as exhibit A.

(15). Earlier in 2025 Petitioner filed a state habeas petition in the Jefferson Circuit Court seeking to redress the conditions under which he is being held. Attached as Exhibit B. The Jefferson Circuit Court ruled that Kentucky law does not recognize state habeas as an action via which parole custody conditions can be challenged.

(16). Thereafter, Petitioner filed a Section 1983 action in the Western District Court at Louisville, in an effort to redress the conditions of his parole status. Petitioner, being

indigent, filed the Federal Civil Action *pro se*. A copy of that action is attached hereto as Exhibit C., for the Court's convenience. By Order entered on November 25, 2025, this Federal Court entered an Order with Memorandum Opinion. Please see Exhibit D, attached hereto. In that Order the Court ruled that a 1983 action was not appropriate because federal redress is allowed pursuant to federal habeas relief, and certified that an appeal would not be taken in good faith. It is definitely worth noting that Senior Judge Joseph H. McKinley, Jr., while not actually recommending federal habeas, did make an effort to clearly point out that federal habeas is available to this Petitioner.

(17). It is from that Order of Senior Judge McKinley that Petitioner comes before the Court now seeking a writ of habeas corpus because he is being unconstitutionally restrained of his liberty as stated briefly above, but not necessarily limited thereto.

(18). In further support of this Petition the Petitioner attaches hereto a copy of Petitioner's supervision end date, which insists that Petitioner should have been released from supervision on May 22, 2006, as published by the Respondent. Please see Exhibit E attached, downloaded from Respondent's website. Furthermore, Exhibit E recognizes that the Respondent believes Petitioner is at low risk to re-offend.

## CONCLUSION

**WHEREFORE**, Petitioner humbly asks this Court to enter an Order granting a Writ of Habeas Corpus and granting Petitioner relief from the unlawfully oppressive custody by Ordering the Respondent to release Petitioner from active supervision immediately.

Respectfully submitted,

Gary S. Craig

Gary Stephen Craig
1606 Greyling Drive, Apt. 1
Louisville, KY 40272