(1)

**Jefferson Circuit Court**
**Criminal Division**

**PAULIE MILLER**
**Clerk**

# 149840

COM'L OF KY [redacted]

VS.

Gary Steven Craig

CHARGE

Rape

FILED DEC 1_ 19__ JOHN C. SCOTT CLERK COURT OF APPEALS

RECEIVED DEC 12 19__ JOHN C. SCOTT CLERK COURT OF APPEALS

| STEPS | STEPS | STEPS |
| --- | --- | --- |
| AUG 23 1973 | MAY __ 1974 | MAY 14 1974 |
| SEP 7 1973 | MAY 7 1974 | JUL 8 1974 |
| NOV 26 1973 | MAY 10 1974 | JUL 10 1974 Trans of Record |
| FEB 2_ 1974 | Page 447 Bk 140 | __ 1974 |
| MAY _ 1974 | | |

**ATTORNEYS:**

Grantz

# THE COMMONWEALTH OF KENTUCKY

**Jefferson Circuit Court, Criminal Division**

149840

August Term A. D., 19 73

**THE COMMONWEALTH OF KENTUCKY**

**Against**

GARY STEVEN CRAIG

RAPE
435.090 Death or Life Without Parole OR Life Or 10 to 20

The Grand Jurors of the County of Jefferson, in the name and by the authority of the Commonwealth of Kentucky, charge:

That on or about the 20th day of June 1973, in Jefferson County, Kentucky, the above named defendant raped Carol Lorene Tucker, a female over 12 years of age. Against the peace and dignity of the Commonwealth of Kentucky.

A TRUE BILL

[signature]
Foreman

Wit: Carol Lorene Tucker, 2500 Franklin
Larry Tucker " "
Norma Brewer, 2314 Franklin
Finley Brewer " "
Walter Bindner, 4400 Hillside

Offs: J.Sullivan; Sgt.Milliner;
Sgt.Ackerman, Shively PD

J.Booth, JCPD

[signature]

AUG 22 1973 .......... 19........

RECEIVED, from the Foreman of the Grand Jury, in their presence, and filed in open Court.
ATTEST: PAULINE MILLER, Clerk
[signature] D.C.

NAME [illegible]

ALIAS

ADDRESS 3199 Mil[illegible] [illegible]

CITY [illegible]y STATE Kentucky

ARREST MONTH 6 DAY [illegible]0 YEAR 7[illegible] TIME OF ARREST 1:[illegible]-AM DAY OF WEEK [illegible]

LOCATION OF ARREST 3[illegible] [illegible] (Sh[illegible] P[illegible]lice Station)

DESCRIPTION

ARRESTING OFFICER & CODE [illegible], Sull[illegible]ar #14 Sgt. [illegible] #15 Sgt. Ach[illegible]an #7 J.C. [illegible]th #239 J.C.P.

PHOTO NO. 583 SEARCHED BY J.C. Sullivan

DISPOSITION

ARREST NO. 7626

RACE [illegible]

AGE [illegible]

| | | | |
|---|---|---|---|
| SEX M | RACE W | D.O.B. 1/1[illegible]/51 | |
| HEIGHT 5/1[illegible] | | WEIGHT 200 | |
| EYES Bro. | | DEFECTS None | |
| HAIR Bro. | | COMP. Dark | |
| MUSTACHE Yes | | TEETH Fair | |
| SPEECH Fair | | DRESS Street | |
| TATTOOS None | | SCARS Right Arm | |
| AMPUTATIONS None | | GAIT Normal | |

OCCUPATION Lorillard Corp.

ADDRESS 3029 Mich. Dr. Lou.

SUBJECT WARNING CODE None

M.O. GROUP None

MISC. None

SOCIAL SECURITY NO. 403-7[illegible]-214[illegible]

DRIVER'S LIC. NO. C[illegible]-271-777-037-[illegible]

VEHICLE

LICENSE

STAT.

STATED BY Sgt. [illegible] TIME 3:[illegible]-AM

# I N D E X


| SUBJECT | PAGE |
| --- | --- |
| Indictment, Dated August 22, 1973 | 1 |
| Papers Received from District Court | 2-5 |
| Transcript of Judgment, Entered July 26, 1973 | 6 |
| Jurors Strike Sheet | 7 |
| Instructions | 8-9 |
| Motion and Grounds for New Trial, Filed May 7, 1974 | 10-11 |
| Judgement | 12 |
| Transcript of Proceedings on Defendant's Plea of Guilty | 13-15 |
| Notice of Appeal, Filed May 14, 1974 | 16 |
| Motion to Suspend Further Execution of Sentence, Filed July 12, 1974 | 17 |
| Motion to Suspend Further Execution of Sentence, Filed July 12, 1974 | 18 |
| Motion and Order for Extention of Time to File the Record on Appeal, Filed July 12, 1974 | 19 |
| Order, Filed July 12, 1974 | 20 |
| Letter to Judge from Defendant | 21 |
| Order | 22 |
| Notice | 23 |
| Letter to Defendant from Judges | 24 |
| Letter to Judge from Defendant | 25-26 |
| Brief for the Appellant | 27 |
| Brief for Appellee | 28-39 |
| Memorandum Opinion Per Curiam | 40 |
| Memorandum Opinion Per Curiam Affirming, Received March 26, 1975 | 41 |
| Mandate, Issued March 25, 1975 | 42 |
| Affidavit, Filed May 15, 1978 | 43-44 |
| Affidavit, Filed May 15, 1978 | 45 |
| Affidavit, Filed May 15, 1978 | 46-47 |

# I N D E X


| SUBJECT | PAGE |
|---|---|
| Motion to Vacate Judgment PUrsuant to RCr 11.42, Filed May 15, 1978 | 48-52 |
| Order, Dated September 5, 1978 | 53 |
| Order, Dated April 23, 1990 | 54 |
| Affidavit of Indigency | 55 |
| Motion To Vacate Judmgnet in Accordance to Rcr 11.42, Received April 26, 1990 | 56-60 |
| Memorandum in Support of Motion to Vacate Judgment | 61-71 |
| Motion to Proceed in Forma Pauperis | 72 |
| Order, Entered May 7, 1990 | 73-74 |
| Entry of Appearance, Filed May 14, 1990 | 75 |
| Agreed Order for Enlargement of Time, Filed June 13, 1990 | 76 |
| Motion to Withdraw as Counsel, Filed July 3, 1990 | 77-79 |
| Order, Entered July 6, 1990 | 80 |
| Commonwealth's Response to Movant's Second R.CR. Motion to Vacate, Filed July 11, 1990 | 81-82 |
| Order, Entered July 17, 1990 | 83 |
| Motion to Proceed Pro Se, Received July 16, 1990 | 84-85 |
| Notice of Submission of Case for Final Adjudication | 86 |
| Clerks Letter to Defendant | 87 |
| Notice of Appeal, Received August 1, 1990 | 88-89 |
| Affidavit of Indigency | 90 |
| Order, Entered August 9, 1990 | 91 |
| Motion to Proceed in Forma Pauperis, Filed August 9, 1990 | 92 |

JEFFERSON CIRCUIT COURT

Louisville, Kentucky, May 10 19 74

**THE COMMONWEALTH OF KENTUCKY,**

*Plaintiff,*

JUDGEMENT

On Indictment No 149840 - 1

vs.

On the charge of

Rape

Gary Steven Craig

*Defendant*

The defendant was this day brought into court, was asked if he had any legal cause to show why judgement should not be pronounced against him; upon advice of counsel, none being shown, it is adjudged that the defendant, being 23 years of age, be taken by the Sheriff of JEFFERSON County, to the jail of JEFFERSON County and from there by the Sheriff of said County transferred to the custody of the Department of Corrections and to remain in their custody for the period of not more than Life years or . The Sheriff of said County shall transfer the defendant to the custody of the Department at such location as the Department shall designate.

(If this sentence is to run concurrently or consecutively with any other sentence, please complete the following)

This sentence is to run (concurrently / consecutively) with the sentence (s) of Indictment No. of the JEFFERSON Circuit Court.

I, Paulie Miller, Clerk of the JEFFERSON Circuit Court, do certify that the foregoing judgement is a true and correct copy of the judgement in the above styled case, entered on May 10, 19 74, in the Crim. Div. 1 Circuit Court and spread upon the Order Book at page 549 book 140

Witness my hand as Clerk of the JEFFERSON Circuit Court this May 10, 19 74.

PAULIE MILLER Circuit Court Clerk

By: [signature] D.C.

C39C-CD

12

NO. 149840(1)

JEFFERSON CIRCUIT COURT
CRIMINAL BRANCH
FIRST DIVISION

COMMONWEALTH OF KENTUCKY PLAINTIFF

VS. ORDER

GARY S. CRAIG, SR. DEFENDANT

* * *

Motion to Suspend Further Execution of Sentence KRS 439.265

At a Court held on July 19, 1974, the defendant being an inmate of the State Reformatory, LaGrange, Kentucky, having filed his written motion dated July 1, 1974, to suspend further execution of the sentence pursuant to KRS 439.265 and the Court being sufficiently advised, it is hereby ordered that said motion be, and his hereby overruled, and that defendant be so notified.

/s/ SRN

S. Rush Nicholson, Judge

A TRUE COPY ATTEST,
Paulie Miller, Clerk

By [signature] D.C.

IN THE JEFFERSON CIRCUIT COURT

LOUISVILLE, KENTUCKY

No.

COMMONWEALTH OF KENTUCKY PLAINTIFF

JUL 1 9 1974

v.

MOTION TO SUSPEND FURTHER EXECUTION OF SENTENCE

GARY S. CRAIG SR. DEFENDANT

* * * * * * * * * * * * * * * * * * * *

Comes the defendant, GARY S. CRAIG SR., who is without the services of an attorney, and acting as an attorney in his own behalf, respectfully moves this Court for an Order suspending further execution of the sentence of life years imposed upon him by this Court on or about the 3 day of May, 19 74, for the crime of Rape in violation of KRS 435.090.

This motion is made under the provisions of KRS 439.265 and is filed after more than thirty days, but less than sixty days, since the date of his delivery to the keeper of the institution to which he has been sentenced.

The defendant submits this motion before this Honorable Court for reasons which defendant feels justifiable as set forth in the attached Memorandum In Support.

WHEREFORE, this defendant respectfully moves this Court to suspend further execution of the sentence imposed upon him in this case and to place defendant on probation upon such terms as the Court determines, notwithstanding the expriation of the term of Court during which this defendant was sentenced.

Respectfully submitted,

Gary S. Craig Sr.

Defendant, In His Own Behalf

This 1 day of July, 19 74

268

18

NO. 149840

JEFFERSON CIRCUIT COURT
CRIMINAL BRANCH
FIRST DIVISION

MAY 15 1978

May 2

GARY STEVEN CRAIG PETITIONER

VS. MOTION TO VACATE JUDGMENT PURSUANT TO RCr. 11.42

COMMONWEALTH OF KENTUCKY RESPONDENT

Comes now the Petitioner, Gary Steven Craig, in person, and by counsel, in the above captioned case, pursuant to RCr. 11.42, and states as follows:

STATEMENT OF FACTS

The Petitioner herein was indicted by the Jefferson County Grand Jury on August 22, 1975, for the offense Rape. Subsequently, on May 1st and 2nd, 1974, a trial by jury was held in the Jefferson Circuit Court, Criminal Branch, First Division. A verdict of guilty was returned by the jury, with punishment fixed at Life Imprisonment.

Prior to the impaneling of a jury on May 1st, 1974, the Commonwealth, in the person of Edward O'Connor, Assistand Commonwealth's Attorney, had offered to recommend a 15 year sentence to the Court upon the acceptance of a guilty plea by the Court, when tendered by this Petitioner.

At all times material to these proceedings, including the preliminary hearing held in the Shivley Police Court, the Arraingment, subsequent interviews with counsel retained by the Petitioner's family, Kenny Grantz, and at the actual trial of the case on May 1st and 2nd, 1974, the Petitioner was severely, mentally incapacitated, incapable of understanding the charges, and aiding in his defense due to drug addiction and chronic alcoholism.

Since his sentencing, the Petitioner has enrolled and completed numerous courses in drug rehabilitation and alcoholism rehabilitation offered at the Kentucky State Reformatory at LaGrange.

On several occasions, it was brought to the attention of retained counsel that the Petitioner was a drug user, and throughout the rather lengthy period between arraignment and the trial date, this Petitioner was unable to understand the gravity of the indictment and particularly was incapable of understanding and making a rational decision relative to attempted plea bargins on behalf of the Commonwealth.

Gradually, through the comprehensive rehabilitation programs offered, the Petitioner has attained a grasp of his situation, and through the within motion seeks to remedy a substaintial injustice which has resulted from his inability to appreciate the gravity of the charges against him, or capably participate in his own defense.

The Petitioner hereby states that he is proceeding in this R Cr. 11.42 motion for the first time with the assistance of counsel.

The Petitioner was denied the right to a fair trial pursuant to the Fifth and Sixth Amendments of the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution. The Petitioner was found guilty after a two day trial, without understanding the charges, and without having the capacity to aid in his defense, while in a state of mental incompetence, as evidenced by the following facts:

(a) The Petitioner was at the time of the occurance listed in the indictment addicted to drugs, and suffering from acute, chronic alcoholism.

(b) Throughout the period of time from the handing up of the indictment, up to and including the trial date, the Petitioner was so incapacitated that he missed numerous appointments with his retained counsel, and was unable to participate actively in his defense by virtue of the fact that he was unable to communicate with his counsel.

(c) The Petitioner apprised counsel of his history of drug addiction and alcoholism prior to his trial and sentencing.

(e) Counsel did not request, nor did the Court order a hearing to ascertain the Petitioner's mental competence at the time of his trial.

Immediately upon entering the Kentucky State Reformatory at LaGrange, the Petitioner began a slow and comprehensive road to recovery through numerous rehabilitative programs at the Kentucky State Reformatory.

Alternatively, the Petitioner was found guilty at the trial on May 2nd, 1974, without the competent and effective assistance of counsel. Mr. Kenny Grantz was counsel for the Petitioner on May 1st, and May 2nd, 1974, and made no attempt to investigate the Petitioner's mental status, even after being apprised of his drug addiction before or during the trial.

The Petitioner was unable, because of the drug induced diminished metal capacity, to understand the plea barginining process, or the ultimate consequence of a jury trial for which he was not prepared, and which he was unable to assist counsel in preparing.

## BRIEF AND ARGUMENT

The first ground in Petitioner's motion alleges and presents facts showing that he was found guilty pursuant to indictment at a trial before a jury held on May 1st and May 2nd, 1974, without "knowledge" of the charges against him.

Cr. 8.06 states: "if upon arraignment or during the proceedings there are reasonable grounds to believe that the Defendant is insane, the proceedings shall be postponed and the issue of sanity determined as provided by law. If the Defendant is found to be insane, the Court shall direct that he be confined in a mental institution until his mind is restored, at which time he shall be returned to the

Court for further proceedings." (Emphasis supplied)

There were surely reasonable grounds for Mr. Grantz to suspect, if not totally believe, that the Defendant was acting under a disability and was in fact insane due to drug addiction and alcoholism as evidenced by his inability to communicate properly and understand the gravity of the charges against him, compounded by the fact that the Defendant made no attempt to keep appointments or discuss the preparation of a defense.

If the Court feels an evidentiary hearing is required to amend and correct the within sentence, the Petitioner can produce records from the various rehabilitation programs at the Kentucky State Reformatory to his former drug addiction: however, since Petitioner is not asking this Court to discharge him, but rather to resentence him in accordance with the offer made by the Commonwealth prior to trial, this information will be supplied in accordance with the Court's orders.

In view of the foregoing, the Petitioner is thus clearly entitled to a vacation of judgment relating to Criminal Action #149840. Matthews vs. Commonwealth, Ky., 468 S.W.2d 313; Barnes vs. Commonwealth Ky., 397 S.W.2d 44; Commonwealth vs. Strickland, Ky., 375 S.W.2d 701.

The second ground in Petitioner's motion alleges and presents facts showing the Petitioner did not have competent and effective assistance of counsel, in that Petitioner's counsel made no attempt to determine Petitioner's mental competence at the time of trial on May 1st and May 2nd, 1974, in view of Petitioner's drug addiction and alcoholism, which the slightess investigation would have uncovered. More serious, in view of the Petitioner's incapacity, counsel was unable to prepare and properly defend the Petitioner at the trial, and as a direct consequence of counsel's failure to adequately prepare and properly defend the Petitioner at the trial, the Petitioner was denied an adequate defense and a fair trial.

It might be added, that the actual trial of this case was held during a period of general publicity in this area directed towards the specific crime with which the Defendant was charged, to wit: Rape.

Furtner, during the trial held on May 1st and 2nd, 1974, the Courtroom was intermitently packed with members of various "Womens Rights" groups. The effect of this atmosphere in the community, ana the effect of the attendance at the trial by members of these groups would be purely speculatively at this time; however, Petitioner has attached hereto affidavits from members of his family, who are of good character and reputation in this community, attesting the fact that this did occur, and that despite the Court's efforts to sequester and protect the jury, there was a general atmosphere which permeated this trial.

Petitioner does not claim that his retained counsel frustrated his desire to communicate with him nor was he unavailable or refused to talk to him, as was the case in Lewis vs. Commonwealth, Ky., 472 S.W. 2d 65. Moreover, Petitioner states that he was unable to assist in the preparation of his defense because of insanity induced by drug addiction and alcoholism, Barnes vs. Commonwealth, Ky., 454 S.W.2d 352. The Petitioner is thus clearly entitled to a vacation of judgment relating to Criminal Action #149840. Goodwin vs. Swenson, 287 F Supp. 166; Poe vs. United States, 389 F 2nd 224; Cole vs. Peyton, 389 F Supp. 2nd 224; Hearon vs. Wingo, Ky., S.W. 2d 461.

WHEREFORE, for the grounds and facts averred herein, it is the prayer of the Petitioner that the Court vacate the judgment herein and resentence him to a term in accordance with the initial recommendation of the Commonwealth's Attorney, to wit: 15 years, commencing May 10th, 1974, the original date of sentencing (an affidavit from the prosecutrix herein is attached hereto relative to this premise) or in the alternative, that the Court grant a prompt hearing hereon, and if the facts are found to be true as the Petitioner has claimed, for the Court to vacate said judgment and sentence in this cause and accord the Petitioner the

Inmate Law Library and Legal Aide Office
Kentucky State Reformatory, LaGrange, Ky. 40032

INDICTMENT NO: 149840 JEFFERSON CIRCUIT COURT

DIVISION ONE 4

RECEIVED
A.M. APR 26 1990 P.M.
TONY MILLER
JEFFERSON COUNTY CIRCUIT CLERK

GARY STEVEN CRAIG MOVANT

VS:

COMMONWEALTH OF KENTUCKY, RESPONDENT

* * *

**MOTION TO VACATE JUDGEMENT IN ACCORDANCE TO RCr 11.42**

Respectfully submitted

Gary S. Craig

Gary Steven Craig
Kentucky State Reformatory
3001 West Highway 146
La Grange, Kentucky 40032

## NOTICE

Please take Notice that the original and three true copies of the heretofore foregoing has been mailed on this 23 day of April, 1990, to Office of the Circuit Clerk, Jefferson Circuit Court, Division One, Jefferson Hall of Justice Bldg. 600 West Jefferson Street, Louisville, Kentucky 40202 for filing and considerations by the Court in post-conviction proceedings.

Gary S. Craig

Gary Steven Craig - Movant Pro Se

5/7-90- Copies Mailed

56

## INTRODUCTION

Movant hereby claims that the judgment entered against him by the Jefferson Circuit Court is subject to collateral attack in accordance with RCr 11.42 (3) in which the movant received a jury trial for the offense of Rape under Indictment Number 149840 and received a final judgment of Life imprisonment on or about May 10, 1974.

The trial Judge in this conviction was the Honorable Rush Nicholason, Jefferson Circuit Court, Division One.

The special Commonwealth's Attorney in this judgment was the Honorable J. Leibson, who is presently a member of the Court of Appeals of Kentucky.

Trial counsel of record for the movant was the Honorable Kenny Grantz, as retained counsel.

In accordance with RCr 11.42 (3) movant states that his grounds and fact in support are as follows;

## GROUND ONE

**MOVANT WAS DENIED HIS CONSTITUTIONAL RIGHT UNDER THE SIXTH AMENDMENT TO EFFECTIVE ASSISTANCE OF COUNSEL BY WHICH WAS DENIED A FAIR TRIAL.**

## FACTS IN SUPPORT

No. 1) Trial counsel suffered from Amyotrophic Lateral Sclerosis, herein referred to as ALS (Lou Gehrig's Syndrome) which was kept hidden from the movant during the course of the trial and trial preparations, thereby making trial counsel both mentally defective and incompetent to represent the movant.

No. 2) Trial Counsel failed to move by pre-trial motion for a bill of particulars as to the evidence the Commonwealth intended to rely upon in the course of the trial, therefore

being unprepared to represent the movant.

No. 3) Trial counsel failed to move the trial court by pre-trial motion for a suppression hearing to determine whether the confession made by the movant during the course of an arrest was inadmissible.

No. 4) Trial counsel failed to move the trial court by pre-trial motion, for a psychiatric examination of the movant after informing the trial court during an in-chamber conference that the movant was a narcotic addict and may not be mentally aware of the proceedings against him.

No. 5) Trial counsel failed to subpoena two primary witnesses, and stating that they were not necessary as the Commonwealth's prosecution case was very weak and that he intended to rely upon this weakness in getting an acquittal for the movant.

No. 6) During the course of the trial movant requested trial counsel to call a witness that was present on the courthouse grounds strickly on a voluntary basis, but trial counsel forgot to request the trial court for such person's appearance.

No. 7) During the course of movant's trial in chief, trial counsel kept suffering from memory lapses.

## GROUND TWO

THE TRIAL COURT ERRED WHEN IT WAS MADE AWARE THAT THE MOVANT WAS A NARCOTIC ADDICT TO NOT ORDER THE MOVANT TO UNDER PSYCHIATRIC EXAMINATION TO DETERMINE IF MOVANT WAS MENTALLY DEFECTIVE.

## FACTS IN SUPPORT

No. 8) During the course of an in-chambers conference, the trial court asked the movant whether the movant used drugs and the movant answered in the affirmative. The trial court

then became aware that the movant may have suffered from a mental defective because of the narcotic drug use which may have caused the movant not to be mentally aware of the court proceeding against him.

MOVANT'S RELIEF

WHEREFORE, Movant respectfully moves the trial court to grant the following relief in the course of these proceedings for RCr 11.42 relief for the movant, to-wit;

1) Order and direct that an evidentiary hearing be held to determine whether the merits of movant's claim.

2) Appoint counsel to the movant to insure that all claims are properly supplemental and investigated and presented in an orderly manner which will insure that all facts in support will be fairly presented to the trial court to determine whether the movant is entitled to RCr 11.42 relief.

3) Order that the Department of Public Advocacy to represent the movant and to submit a memorandum or supplemental pleading as to the issues presented by the movant.

4) Order that the Commonwealth's Attorney for the Respondent shall be provided with twenty day period after submittance by the Department of Public Advocacy arguements in which to submit an answer to the pleadings.

5) Order and direct that the movant be provided with a copy of the transcript of record if the Respondent intends to rely upon to refute the movant's issues.

6) That the trial court enter a Findings of Facts and Conclusions of Law as to the merits of movant's RCr 11.42 issue.

7) Allow the movant to proceed in forma pauperis.

Movant submits on this 23 day of April 1990 for further considerations.

Respectfully submitted

Gary S. Craig

Gary Steven Craig # 72095
Kentucky State Reformatory
3001 West Highway 146
La Grange, Kentucky 40032

Movant, without counsel

COMMONWEALTH OF KENTUCKY )
CITY OF LA GRANGE )
COUNTY OF OLDHAM ) SS: VERIFICATION BY NOTARY SERVICE

Sworn and subscribed before a Notary Public by the above signed Gary Steven Craig # 72095 as being verified as true and correct as prepared by the Inmate Legal Aide Services Department of the Kentucky State Reformatory at La Grange, Kentucky on this date of April 23, 1990.

Lee Payton

NOTARY PUBLIC
STATE AT LARGE, KENTUCKY

3-23-93

MY COMMISSION EXPIRES